**Gregg EBELING, Petitioner–Appellant,**

v.

**Gregory SMITH; Nevada Attorney General, Respondents–Appellees.**

No. 12–16350.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2014.\*

Filed Sept. 17, 2014.

Jason F. Carr, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office Las Vegas, Las Vegas, NV, for Petitioner–Appellant.

Jared M. Frost, Deputy Attorney General, AGNV–Office of the Nevada Attorney General, Carson City, NV, for Respondents–Appellees.

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

MEMORANDUM \*\*

Gregg Ebeling appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254(a). The Nevada Supreme Court's denial of Ebeling's claim that his Sixth and Fourteenth Amendment rights were violated by the trial court's limitations on the cross-examination of the child witnesses, and by the exclusion of expert testimony regarding the child witnesses, was not contrary

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to or an unreasonable application of clearly established Supreme Court precedent. *Cf. Taylor v. Illinois,* 484 U.S. 400, 411, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988); *Chambers v. Mississippi,* 410 U.S. 284, 302–03, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). The trial court did not prohibit Ebeling "from engaging in otherwise appropriate cross-examination," *see Delaware v. Van Arsdall,* 475 U.S. 673, 679–80, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986), and there is no Supreme Court case addressing the exclusion of expert testimony, *Moses v. Payne,* 555 F.3d 742, 757–59 (9th Cir.2008). Although Ebeling failed to exhaust his due process claim based on prosecutorial misconduct, we deny it on the merits, 28 U.S.C. § 2254(b)(2), because the prosecutor's comments did not make the trial fundamentally unfair. *See Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.